RAY A. SUNDET, Corporation Counsel, La Crosse County
You ask whether a corporation counsel for a county of less than 500,000 population has the power and duty to prosecute paternity proceedings under sec. 52.21, Stats., and to prosecute reciprocal non-support actions under sec. 52.10, Stats. You note that both actions are special or civil proceedings rather than criminal prosecutions.
Section 52.22, Stats., provides that:
"The district attorney shall appear in and prosecute every paternity proceeding. . . ."
Section 52.10 (12), Stats., provides that in a reciprocal non-support proceeding, the district attorney shall represent the obligee upon request of the court or the person in charge of county welfare activities when this state is acting as the initiating state. Section 52.10 (18) (b), Stats., provides that "The district attorney shall prosecute the case diligently. . . ." after being notified by the clerk of the filing of a petition when Wisconsin is the responding state. *Page 191 
A corporation counsel is an appointive county officer. The office is not referred to in the Wisconsin Constitution as is the district attorney. It is an office which a county board may authorize pursuant to sec. 59.07 (44), Stats. Thus, a corporation counsel has no inherent powers. His basic authority springs from sec. 59.07 (44), which reads as follows:
"Corporation Counsel. In counties not having a population of 500,000 or more, employ a corporation counsel, and fix his salary. The corporation counsel may, when authorized by a majority of the county board, appoint one or more assistant corporation counsels to aid him in the performance of his duties. The assistants so appointed shall have authority to perform all the duties of the corporation counsel. His employment may be terminated at any time by a majority vote of all the members of the board. The duties of the corporation counsel shall be limited to civil matters and may include giving legal opinions to the board and its committees and interpreting the powers and duties of the board and county officers. Whenever any of the powers and duties conferred upon thecorporation counsel are concurrent with similar powers or dutiesconferred by law upon the district attorney, the district attorney'spowers or duties shall cease to the extent that they are so conferred uponthe corporation counsel and the district attorney shall be relieved ofthe responsibility for performing such powers or duties. Opinions of the corporation counsel on all such matters shall have the same effect as opinions of the district attorney. The corporation counsel may request the attorney general to consult and advise with him in the same manner as district attorneys as provided by s. 165.25 (3)."
The underlined language clearly indicates that the cited statute is not self-executing. Powers and duties must be conferred upon the corporation counsel by the county board. His specific authority, which is limited to civil matters, must be determined from the county ordinance or resolution creating his office unless provided by specific statute elsewhere such as sec. 319.295 (1), Stats., which places a duty upon the corporation counsel to apply to county court for a guardian or conservator of an estate of a mentally ill patient or county hospital or home resident. *Page 192 
In the final analysis, if a duty with respect to civil matters specifically assigned to the district attorney is not imposed as a duty of the corporation counsel by county ordinance or resolution, the duty remains with the district attorney. This view is consistent with the interpretation placed upon sec. 59.07 (44), Stats., by actual practice since inception of the statute created by ch. 186, Laws of 1949. Understandably, the duties of a corporation vary widely from county to county.
In 1957, the legislature enacted ch. 92, Laws of 1957, which created sec. 59.455 and 59.456, Stats., relating to creation of the office of corporation counsel in counties with a population over 500,000 and prescribing powers and duties for such an officer and his assistants. These sections relate to Milwaukee County only. They are informative, however, as to the general powers and duties a smaller county may wish to consider assigning to its corporation counsel. It might be noted that the district attorney in Milwaukee County has the responsibility to institute, commence or appear in all civil actions or special proceedings under sec. 52.10, Stats., the Uniform Non-support Act, whereas the corporation counsel appears in paternity actions inasmuch as it is a civil action not specifically assigned to the district attorney. Sec. 59.456 (5) (6), Stats.
I agree with your position that uniform non-support proceedings and paternity proceedings are civil matters. Since they do not involve forfeitures, statutory duties relating to these actions may be handled by the corporation counsel, but only if such duties devolve upon him by virtue of county resolution or ordinance. Further, I might add, the uniform support act traditionally has been handled by the district attorney for reasons of policy. Law enforcement personnel of foreign jurisdictions automatically refer support cases to the prosecutor of the county in which the obligor resides. Moreover, sec. 52.10 (6), Stats., relating to extradition is intertwined with criminal charges under sec.52.05, Stats., which may be brought only by the district attorney.
RWW:WLJ *Page 193